# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSE GALLEGOS,

Plaintiff

v.

CHUCK ALLEN, et. al.

Defendants

Case No.: 3:18-cv-00505-MMD-WGC

**Order**

Re: ECF Nos. 27, 28, 32

Plaintiff has filed a Motion for Leave to Amend and proposed amended complaint. (ECF Nos. 27, 27-1.) Defendants filed a response. (ECF No. 29.)

Defendant former Sheriff Chuck Allen subsequently filed a motion to dismiss. (ECF No. 28.) Plaintiff has filed a motion for an extension of time to respond to that motion. (ECF No. 32.)

## **I. AMENDMENT**

Under Federal Rule of Civil Procedure 15, leave to amend should be freely given when required by justice. Given that this case is still in the early stages, the court finds leave to amend is appropriate. The court will now screen the proposed amended complaint.

## **II. SCREENING**

**A. Standard**

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the

court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Proposed Amended Complaint**

Plaintiff's proposed amended complaint names former Sheriff Chuck Allen, Deputy Sheriff Whitmore, Sergeant O'Brien, John Doe Deputies 1-10 and Medical Provider Does 1-3. (ECF No. 27-1 at 1-3.)

**1. Count I**

In Count I, Plaintiff alleges he was booked into the Washoe County Detention Facility (WCDF) on February 19, 2018, and informed medical screening nurse Jane Doe #1 that he was taking medications for seizures and psychiatric disorders. Without an examination, his medications were changed or discontinued, which led to him suffering from seizures, including one on March 18, 2018, which resulted in injuries to his head, face and teeth. He avers that he lost two teeth that were knocked loose during his seizure, but no dental care was provided despite his requests. He filed a grievance concerning health care provider Jane Doe #2's refusal to provide dental and mental health care. He states that the grievance was not answered and the medical director Jane Doe #3 was not identified to him. He alleges that he suffered in pain due to the deliberate indifference by Jane Does 1-3. Plaintiff further avers that these actions were the result of personal involvement as well as a failure to properly train, supervise or control subordinates, and caused injury under state tort law too. (ECF No. 27-1 at 4.)

Like the original complaint, Plaintiff states a colorable denial of adequate medical care claim for a pretrial detainee under the Fourteenth Amendment against Jane Doe #1 based on the allegation that she changed or discontinued his medications despite his requests, which resulted in his having seizures and suffering injuries. In addition, the proposed amended complaint states

a colorable medical care claim against Jane Doe #2 based on allegations that she failed to provide dental treatment following injuries to his teeth from his seizures, despite his requests.

Plaintiff currently does not state a claim against Jane Doe 3, whom he alleges was the medical director. The only allegations are that Jane Doe 3's name was not provided in response to a grievance, and conclusory statements regarding a failure to train.

"'Under section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id*. (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted).

In addition, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen*, 885 F.2d at 646) (internal quotation marks omitted).

Plaintiff includes no *factual* allegations to support a claim against Jane Doe 3 medical director under any of these theories. Therefore, Jane Doe 3 is dismissed without prejudice.

While Plaintiff makes reference to the Eighth Amendment, the Fourteenth Amendment standard applies to him as a pretrial detainee. Moreover, he refers to state torts such as negligence, but has not provided factual allegations to support such a claim. In addition, to the extent Plaintiff is asserting a state claim for medical malpractice, Nevada Revised Statute 41A.071 requires the filing of an affidavit by a medical expert in the field supporting the allegations. Therefore, the state tort claims are dismissed without prejudice.

Plaintiff is advised that the current scheduling order deadline to amend to substitute/identify a party in place of Jane Does 1 and 2 is January 27, 2020. (ECF No. 25.)

**2. Count II**

In Count II, Plaintiff alleges that after his seizure, he was held in solitary confinement for observation. Then, on March 29, 2018, he was escorted back to his housing unit by Deputy Whitmore and an unknown deputy. He avers that he was handcuffed too tightly and was being "manhandled" by Whitmore, and when he voiced complaint, Whitmore and the other deputy began to antagonize and abuse him. He was pushed, and tripped on his ill-fitting pants which caused him to stumble into Whitmore. Whitmore then slammed Plaintiff face first into the wall and then took him to the ground with force, causing injuries to his face, mouth, arms and wrists. The deputy made no attempt to stop Whitmore or to help Plaintiff. Plaintiff alleges that he reported the incident to Sergeant O'Brien, and O'Brien said he would examine the incident on video and help Plaintiff address it. He claims that as a result of the attack, he lost one tooth and broke another. He submitted kites requesting medical treatment, to no avail. (ECF No. 27-1 at 5-6.)

Again, like the original complaint, Plaintiff states a colorable excessive force claim against Whitmore and the Doe Deputy, when Plaintiff learns his identity. Plaintiff is again

reminded that under the current scheduling order, he has until January 27, 2020, to amend his complaint to identify the Doe Deputy, along with Jane Does 1 and 2. (ECF No. 25.)

Plaintiff makes reference to state tort claims, but includes no further details about what torts or what allegations support such claims; therefore, the state tort claims are dismissed without prejudice.

Like the original complaint, there is no claim asserted in Count II against Sergeant O'Brien, whom he only alleges told him he would investigate the incident; therefore, any claim against O'Brien in Count II is dismissed without prejudice.

Finally, Plaintiff makes allegations regarding a denial of medical care, but does not identify a defendant who was responsible for this conduct; therefore, the medical care claim in Count II is dismissed without prejudice.

**3. Count III**

Plaintiff alleges that after he reported the attack by Deputy Whitmore to Sergeant O'Brien, he was punished by O'Brien by being placed in punitive isolation without a hearing or notice. While in isolation he was denied reading materials, legal materials, commissary privileges and access to recreation and educational programs. He was kept in solitary confinement for 48 hours, and then let out of his cell for an hour. This treatment lasted for 75 days. This restricted his ability to assist in his criminal defense. He avers that this schedule was approved and implemented by Sheriff Chuck Allen. He claims that his placement in isolation was done to retaliate against him for making a complaint to Whitmore. He states that this was a result of personal involvement and a failure to properly train. He also references injuries under state law.

As with the original complaint, Plaintiff states a colorable Fourteenth Amendment due process claim against O'Brien based on the allegation that he was placed in isolation without notice or a hearing. In the proposed amended complaint, Plaintiff also states a colorable retaliation claim against O'Brien based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore.

As to former Sheriff Chuck Allen, the only allegation is that Allen approved and implemented the schedule in isolation. Plaintiff does not allege that Allen had any involvement in the decision to place Plaintiff in isolation in the first place, or that Allen knew of the incident with Whitmore so as to be a participant in the retaliation claims. Therefore, Plaintiff does not state these due process and retaliation claims against Allen. This conclusion appears to render Allen's pending motion to dismiss (ECF No. 28) moot because it is based on an argument that Plaintiff did not allege Allen knew about the incident involving Whitmore or that he played a role in placing Allen in segregation. The question, then, is whether Plaintiff states a claim against Allen based on the allegation that he approved and implemented the schedule Plaintiff was on in isolation which limited his recreation and educational programs, and limited his ability to assist in his criminal defense.

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendments Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 831 (Jan. 23, 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction)). Under the Due Process Clause "detainees have a right against jail conditions or restrictions that amount to punishment." *Olivier v. Baca*, 913 F.3d 852,

857-58 (9th Cir. 2019) (citation and quotation marks omitted). To state a claim against Allen in his official capacity, Plaintiff must show "'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Id.* at 858 (quoting *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 690 (1978)). To state a claim against Allen in his individual capacity, Plaintiff must show that Allen "was personally involved in his alleged constitutional deprivation by, for example, acting, or failing to act, in a manner that was deliberately indifferent to [Plaintiff's] constitutional rights." *Id.* (citing *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011)). Under recent caselaw, while the question is one of deliberate indifference, the inquiry for pretrial detainees is an objective one.

Plaintiff alleges that Allen approved and implemented a policy that resulted in conditions that are alleged to amount to punishment. Therefore, liberally construing the amended complaint, the court finds that Plaintiff states a colorable claim against former Sheriff Allen. Insofar as Plaintiff sues former Sheriff Allen in his official capacity, under Federal Rule of Civil Procedure 25(d), Allen's successor, Sheriff Darin Balaam, is automatically substituted in as a party.

Like the other counts, Plaintiff references negligence and state law tort claims but does not include allegations that support any state law tort claims or otherwise state what allegations included in the proposed amended complaint would support such claims. Therefore, the state law tort claims are dismissed without prejudice.

### III. CONCLUSION

(1) The motion for leave to amend (ECF No. 27) is **GRANTED**.

(2) The Clerk shall **FILE** the amended complaint (ECF No. 27-1).

(3) Count I: The Fourteenth Amendment medical care claim shall **PROCEED** against Jane Does 1 and 2 once he identifies them. Jane Doe 3 and any state tort claims in Count I are **DISMISSED WITHOUT PREJUDICE**.

(4) Count II: The excessive force claim against Whitmore and the Doe Deputy (once identified) shall **PROCEED**. O'Brien, any state tort claims, as well as any denial of medical care claim in Count II are **DISMISSED WITHOUT PREJUDICE**.

(4) Count III: The Fourteenth Amendment due process and retaliation claims shall **PROCEED** against O'Brien. The Fourteenth Amendment conditions of confinement claim shall **PROCEED** against Allen. Insofar as Allen is sued in his official capacity, his successor, Darin Balaam, is substituted in as a party under Federal Rule of Civil Procedure 25(d). The state tort claims are **DISMISSED WITHOUT PREJUDICE**.

(5) Plaintiff is reminded that the current deadline to amend to add/identify parties under the current scheduling order is January 27, 2020 (ECF No. 25).

(6) The pending motion to dismiss by defendant Allen (ECF No. 28) is **DENIED AS MOOT** in light of the filing of the amended complaint and the court's findings relative to the claim proceeding against Allen. As a result, Plaintiff's motion for an extension of time to respond to the motion to dismiss (ECF No. 32) is also **DENIED AS MOOT**.

(7) Defendants Whitmore, O'Brien and Allen shall file and serve their answer or otherwise respond to the amended complaint within **21 days** of the date of this Order. The District Attorney's Office shall advise the court within **14 days** of the date of this Order whether it will accept service on behalf of Sheriff Balaam. If it does not accept service, the court will issue a summons and order regarding service on Sheriff Balaam by the U.S. Marshals.

**IT IS SO ORDERED**.

Dated: December 26, 2019

William G. Cobb
United States Magistrate Judge