UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSE GALLEGOS,

                              Plaintiff,

    v.

CHUCK ALLEN, et al.,

                             Defendants.

Case No. 3:18-cv-00505-MMD-WGC

ORDER

Re: ECF No. 66

Before the court is Plaintiff's "Motion Requesting Extention (sic) of Time to Complete Discovery to Identify 'Does' Defendants" (ECF No. 66). Plaintiff contends that he needs an extension of discovery "due to Plaintiff's mental health statis (sic) . . ." (ECF No. 66). However, in Plaintiff's motions for appointment of counsel (ECF Nos. 35, 58), it appears that Plaintiff never raised his "mental health" issue until now.

Pursuant to the court's Scheduling Order (ECF No. 25), the deadline to complete discovery was February 25, 2020. Defendants have filed their dispositive motions in accordance with the Scheduling Order. (ECF Nos. 41, 48, and 51.)

Plaintiff's motion is flawed by reason of his failure to comply with LR 26-4, which states:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline

1

must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.

Plaintiff's motion was not submitted more than twenty-one (21) days before the expiration of the February 25, 2020 discovery deadline pursuant to LR 26-4. Plaintiff's motion does not state the discovery he had undertaken (if any) to attempt "to identify 'Does' (sic) Defendants" (ECF No. 66 at 1), nor does Plaintiff state what discovery he would undertake at this point in time to identify these defendants. Further, Plaintiff does not state why he did not undertake any such proposed discovery previously.[1]

Last, Plaintiff's motion must demonstrate excusable neglect, and other than laboring under the difficulties any inmate faces, Plaintiff has not shown excusable neglect. Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (per curiam); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

---

[1] District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows: When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1) mirrors the requirements of LR 26-4. Plaintiff has neither complied with the Federal Rule nor the Local Rule.

2

**IT IS HEREBY ORDERED** that Plaintiff's "Motion Requesting Extention (sic) of Time to Complete Discovery to Identify 'Does' Defendants" (ECF No. 66) is **<u>DENIED</u>**.

**IT IS FURTHER ORDERED** that Plaintiff shall have to and including **Friday, May 1, 2020** to file a response to Defendant's Motion to Dismiss (ECF No. 41) and Defendant's Motions for Summary Judgment (ECF Nos. 48, 51). **There shall be no further extensions granted barring unforeseen and extenuating circumstances.**

DATED: April 1, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE