UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE GALLEGOS,<br><br>    Plaintiff<br><br>v.<br><br>CHUCK ALLEN, et. al.,<br><br>    Defendants | Case No.: 3:18-cv-00505-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 41 |

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Defendant Sheriff Darin Balaam's Motion to Dismiss himself from Count 3 of the First Amended Complaint (FAC). (ECF No. 41.) Despite being given an extension (ECF No. 47), Plaintiff did not file a response.[1]

    After a thorough review, it is recommended that Defendant Balaam's motion be granted in part and denied in part.

## I. BACKGROUND

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 34.) The

---

[1] Plaintiff also filed a motion for an extension of time to complete discovery due to his mental health status and education. (ECF No. 66.) He did not specifically ask for discovery in order to respond to pending dispositive motions, but sought discovery to identify the Doe defendants. The court denied the motion as deficient, but gave Plaintiff until May 1, 2020, to file a response to the pending dispositive motions. (ECF No. 67.)

events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). (*Id.*)

On screening the FAC, Plaintiff was allowed to proceed in Count 1 with a denial of adequate medical care claim for a pretrial detainee under the Fourteenth Amendment against Jane Doe #1 based on the allegation that she changed or discontinued his medications despite his requests, which resulted in his having seizures and suffering injuries. In addition, the court found he stated a denial of adequate medical care claim in Count 1 against Doe #2 based on allegations that she failed to provide dental treatment following injuries to his teeth from his seizures, despite his requests.

In Count 2, Plaintiff was allowed to proceed with an excessive force claim against Whitmore and a Doe Deputy, based on allegations that Whitmore was "manhandling" him while escorting him, and when Plaintiff complained, Whitmore and the other deputy antagonized and abused him by pushing him which caused him to run into Whitmore. Whitmore then slammed him face first into the wall and took him to the ground with force, causing injuries. The deputy made no attempt to stop Whitmore or help Plaintiff.

In Count 3, Plaintiff was allowed to proceed with a Fourteenth Amendment due process claim against O'Brien based on the allegation that he placed Plaintiff in isolation without notice or a hearing. He also was allowed to proceed with a retaliation claim against O'Brien based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore.

The court analyzed whether Plaintiff stated a claim against then-Sheriff Allen based on the allegation that Sheriff Allen approved and implemented the schedule Plaintiff was on in isolation which limited his recreation and educational programs, and limited his ability to assist

in his criminal defense. The court noted that to state a claim against Allen in his official capacity, Plaintiff must show the "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Olivier v. Baca*, 913 F.3d 852, 957-58 (9th Cir. 2019) (citation and quotation marks omitted). To state a claim against Allen in his individual capacity, Plaintiff must show Allen "was personally involved in his alleged constitutional deprivation, for example, acting, or failing to act, in a manner that was deliberately indifferent to [Plaintiff's] constitutional rights." (citation omitted).

Plaintiff avers that Sheriff Allen approved and implemented a policy that resulted in conditions that are alleged to amount to punishment. The court liberally construed the allegations of the pro se FAC, and found Plaintiff stated a claim against Sheriff Allen. He was allowed to proceed against Sheriff Allen in his individual capacity. Insofar as Plaintiff sued Allen in his official capacity, Allen's successor, Sheriff Darin Balaam, was substituted in as a party. (ECF No. 33.)

Sheriff Balaam moves to dismiss arguing that Plaintiff alleges that the WCDF's policies interfered with him assisting his counsel in his criminal case, and such a claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). If the claim is not barred, Sheriff Balaam argues that the requested relief of punitive damages for that claim should be dismissed because an official capacity claim is the same thing as suing Washoe County and a municipality is immune from punitive damages.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

## III. DISCUSSION

The policy that the Sheriff allegedly maintained had to do with Plaintiff's isolation schedule, which Plaintiff claims deprived him of recreation and educational programs, *and* limited his ability to assist in his criminal defense. Preliminarily, Sheriff Balaam's motion does not address the recreation and educational programs aspect of the policy alleged in the FAC. Therefore, the claim should continue in that regard.

The court did not construe Plaintiff's FAC as asserting that the maintained by the Sheriff resulted in what amounts to ineffective assistance of counsel; however, to the extent that is what Plaintiff intended, Plaintiff cannot pursue such a claim under section 1983. *See Nelson v. Campbell,* 541 U.S. 637, 643 (2004) (an ineffective assistance of counsel claim must be raised in a direct appeal, post-conviction, or habeas corpus proceeding and not in a section 1983 action).

Instead, the court construed Plaintiff's FAC as asserting that the alleged policy implicated his right of access to the courts. For the reasons discussed below, it might also implicate his due process rights to the extent he was representing himself in his criminal proceeding. In any event, he appears to still state a claim for relief, at least insofar as a motion to dismiss is concerned, which does not go beyond the allegations of the FAC or matters of which the court may take judicial notice. *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018) (citation omitted) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201.")

Pretrial detainees awaiting trial have a constitutional right to appointed counsel if they cannot afford to obtain counsel if they cannot afford to obtain counsel. *Gideon v. Wainwright*, 273 U.S. 335 (1963). Criminal defendants also have a constitutional right to proceed pro se and represent themselves in their criminal trial. *Faretta v. California*, 422 U.S. 806 (1975). In *Leeds v. Watson*, 630 F.2d 674, 676 (9th Cir. 1980), the Ninth Circuit acknowledged that providing adequate legal representation may satisfy the right of access to the courts under *Bounds v. Smith,* 430 U.S. 817, 828 (1977), *limited in part on other grounds in Lewis v. Casey*, 518 U.S. 343, 354 (1996).

5

In *U.S. v. Wilson,* 690 F.2d 1267 (9th Cir. 1983), the Ninth Circuit held that the "[a]vailability of legal assistance at government expense, if required, is a constitutionally permissible means of access [to the courts]." *Wilson*, 690 F.2d at 1271.

In *Milton v. Morris*, 767 F.2d 1442 (9th Cir. 1985), the criminal defendant chose to represent himself instead of being represented by the public defender. He claimed a denial of due process, relying on the right to self-representation established in *Faretta,* and a denial of the right of meaningful access to the courts recognized in *Bounds. Id.* The Ninth Circuit held that "[a]n incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Milton,* 762 F.2d at 1446. The Ninth Circuit noted, however, that whether *Bounds* creates rights for pretrial detainees who decline counsel and proceed pro se is unsettled. *Milton v. Morris,* 767 F.2d 1442, n. 2 (9th Cir. 1985).

It is not entirely clear from the face of the FAC whether Plaintiff was represented by counsel or was representing himself in his criminal case. It appears likely that he was represented by counsel since Plaintiff alleges he was precluded from "helping" and "assisting" with his defense, but because it is not entirely clear from the face of the complaint, dismissal on the basis that Plaintiff had counsel, and therefore, access to the courts, is not appropriate pursuant to a motion to dismiss.

Defendant Sheriff Balaam will be given **21 days** from the date of this Report and Recommendation to file a motion for summary judgment, if he chooses, to argue (if appropriate) that Plaintiff was represented by counsel, and therefore, had meaningful access to the courts. Sheriff Balaam may also raise an argument regarding Plaintiff's allegation that the policy resulted in denial of his access to recreation and educational programs, which amounted to

punishment under the Fourteenth Amendment. The court may not consider evidence outside of the pleading in ruling on a motion to dismiss, but notes that such a motion would likely be based on the same evidence presented in the motion for summary judgment filed by defendant O'Brien, which demonstrates that Plaintiff was only placed in administrative segregation for one day while the incident involving defendant Whitmore was being reviewed.

Balaam also argues that he is immune from being sued for punitive damages as Plaintiff sues him in his official capacity.

In *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247, 271 (1981), the Supreme Court held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." To the extent Sheriff Balaam moves to dismiss Plaintiff's request for punitive damages against him in his official capacity, the motion should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING IN PART AND DENYING IN PART** Sheriff Balaam's Motion to Dismiss (ECF No. 41). The motion should be **GRANTED** insofar as Plaintiff's constitutional claim against Sheriff Balaam is based on maintaining a policy that resulted in what amounts to an ineffective assistance of counsel claim. The motion should also be **GRANTED** insofar as Plaintiff requests punitive damages against Sheriff Balaam, who is sued in his official capacity. The motion should be **DENIED** insofar as Plaintiff's claim can be construed as asserting a policy that resulted in denial of his due process rights and access to the courts, and punished him with respect to the conditions he was confined in segregation.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 1, 2020

                                                *William G. Cobb* (signature)
                                                William G. Cobb
                                                United States Magistrate Judge