**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE GALLEGOS, | Case No.: 3:18-cv-00505-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 48 |
| CHUCK ALLEN, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Whitmore's Motion for Summary Judgment. (ECF Nos. 48-48-1, 48-2.) Despite being given an extension (ECF No. 47), Plaintiff did not file a response.[1]

After a thorough review, it is recommended that Whitmore's motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 34.) The events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). (*Id.*)

---

[1] Plaintiff also filed a motion for an extension of time to complete discovery due to his mental health status and education. (ECF No. 66.) He did not specifically ask for discovery in order to respond to pending dispositive motions, but sought discovery to identify the Doe defendants. The court denied the motion as deficient, but gave Plaintiff until May 1, 2020, to file a response to the pending dispositive motions. (ECF No. 67.)

On screening the FAC, Plaintiff was allowed to proceed in Count 1 with a denial of adequate medical care claim for a pretrial detainee under the Fourteenth Amendment against Jane Doe #1 based on the allegation that she changed or discontinued his medications despite his requests, which resulted in his having seizures and suffering injuries. In addition, the court found he stated a denial of adequate medical care claim in Count 1 against Doe #2 based on allegations that she failed to provide dental treatment following injuries to his teeth from his seizures, despite his requests.

In Count 2, Plaintiff was allowed to proceed with an excessive force claim against Whitmore and a Doe Deputy, based on allegations that Whitmore was "manhandling" him while escorting him, and when Plaintiff complained, Whitmore and the other deputy antagonized and abused him by pushing him which caused him to run into Whitmore. Whitmore then slammed him face first into the wall and took him to the ground with force, causing injuries. The deputy made no attempt to stop Whitmore or help Plaintiff.

In Count 3, Plaintiff was allowed to proceed with a Fourteenth Amendment due process claim against O'Brien based on the allegation that he placed Plaintiff in isolation without notice or a hearing. He also was allowed to proceed with a retaliation claim against O'Brien based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore. Plaintiff was also allowed to proceed with a claim against then-Sheriff Allen based on the allegation that Sheriff Allen approved and implemented the schedule Plaintiff was on in isolation which limited his recreation and educational programs, and limited his ability to assist in his criminal defense, which amounted to punishment under the Fourteenth Amendment. The claim was permitted to proceed against Sheriff Allen in his individual capacity, and against his successor, Sheriff Balaam, in the official capacity.

Defendant Whitmore moves for summary judgment, arguing that Plaintiff failed to respond to his requests for admissions; therefore, the facts asserted in the requests are deemed admitted, and entitle Whitmore to summary judgment on the excessive force claim.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Doe Defendants**

Preliminarily, Plaintiff has failed to timely identify the Doe defendants named in Counts 1 and 2 of the FAC; therefore, the Doe defendants should be dismissed without prejudice from this action.

**B. Excessive Force**

    **1. Standard**

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395, n. 10 (1989).

In determining whether force used against a pretrial detainee is excessive, the court utilizes an objective standard. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). That is, the court must determine whether the force used was objectively unreasonable. *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham*, 490 U.S. at 396). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id*. (quoting *Bell v. Wolfish*,

441 U.S. 520, 540 (1979)). The following is a non-exhaustive list of considerations that "may bear on the reasonableness or unreasonableness of the force used:"

> The relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. (citing *Graham*, 490 U.S. at 396).

**2. Analysis**

Whitmore is correct that a failure to respond to requests for admission results in admission of the matter requested. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Therefore, the matters in the requests for admission served on Plaintiff, to which Plaintiff did not respond, are deemed admitted and conclusively established under Rule 36.

Whitmore presents the following unrefuted and conclusively established facts:

On March 29, 2019, Plaintiff was completing a 24-hour observation in the jail infirmary, and was scheduled to return to his assigned housing unit, but had been passively resisting his return by voicing objections about where he wanted to be housed. He also had been hearing voices. Whitmore was tasked with escorting Plaintiff back to his assigned housing in a safe and secure manner. While being escorted, Plaintiff's pants were falling down, and so he was allowed to hold his pants up with one arm. Plaintiff fell into Whitmore, who was standing next to him. The fall was sudden and unexpected. Whitmore did not know that the fall was an accident. Plaintiff touched the leg of Whitmore with his foot, and may have kicked Whitmore. As a result, Plaintiff was restrained by several deputies.

After the fall, Plaintiff was taken to the infirmary to be examined. Once there, he did not tell staff he was injured, and his medical examination did not reveal any injuries. The next day, he was interviewed about what happened, and did not tell the investigating officer that he was injured.

The unrefuted and conclusively established evidence demonstrates that the restraint of Plaintiff following the accidental fall into Whitmore was objectively reasonable under the circumstances. Therefore, defendant Whitmore's motion for summary judgment should be granted.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

**DISMISSING** the Doe defendants in Counts 1 and 2 **WITHOUT PREJUDICE**; and **GRANTING** defendant Whitmore's Motion for Summary Judgment (ECF No. 48). If this recommendation is adopted and accepted, then the pending motion in limine filed by defendant Whitmore (ECF No. 45) should be **DENIED AS MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 1, 2020

                                            _William G. Cobb_
                                            William G. Cobb
                                            United States Magistrate Judge