UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| JOSE GALLEGOS, | Case No.: 3:18-cv-00505-MMD-WGC |
|---|---|
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 51 |
| CHUCK ALLEN, et. al. | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant O'Brien's Motion for Summary Judgment. (ECF No. 51, 51-1.) Despite being given an extension (ECF No. 47), Plaintiff did not file a response.[1]

After a thorough review, it is recommended that O'Brien's motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 34.) The events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). (*Id.*)

---

[1] Plaintiff also filed a motion for an extension of time to complete discovery due to his mental health status and education. (ECF No. 66.) He did not specifically ask for discovery in order to respond to pending dispositive motions, but sought discovery to identify the Doe defendants. The court denied the motion as deficient, but gave Plaintiff until May 1, 2020, to file a response to the pending dispositive motions. (ECF No. 67.)

On screening the FAC, Plaintiff was allowed to proceed in Count 1 with a denial of adequate medical care claim for a pretrial detainee under the Fourteenth Amendment against Jane Doe #1 based on the allegation that she changed or discontinued his medications despite his requests, which resulted in his having seizures and suffering injuries. In addition, the court found he stated a denial of adequate medical care claim in Count 1 against Doe #2 based on allegations that she failed to provide dental treatment following injuries to his teeth from his seizures, despite his requests.

In Count 2, Plaintiff was allowed to proceed with an excessive force claim against Whitmore and a Doe Deputy, based on allegations that Whitmore was "manhandling" him while escorting him, and when Plaintiff complained, Whitmore and the other deputy antagonized and abused him by pushing him which caused him to run into Whitmore. Whitmore then slammed him face first into the wall and took him to the ground with force, causing injuries. The deputy made no attempt to stop Whitmore or help Plaintiff.

In Count 3, Plaintiff was allowed to proceed with a Fourteenth Amendment due process claim against O'Brien based on the allegation that he placed Plaintiff in isolation without notice or a hearing. He also was allowed to proceed with a retaliation claim against O'Brien based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore.

Plaintiff was also allowed to proceed with a claim against then-Sheriff Allen based on the allegation that Sheriff Allen approved and implemented the schedule Plaintiff was on in isolation which limited his recreation and educational programs, and limited his ability to assist in his criminal defense, which amounted to punishment under the Fourteenth Amendment. The claim

was permitted to proceed against Sheriff Allen in his individual capacity, and against his successor, Sheriff Balaam, in the official capacity.

The court has concurrently issued a report and recommendation that defendant Whitmore's motion for summary judgment be granted, and that the Doe defendants in Counts 1 and 2 be dismissed without prejudice because Plaintiff failed to timely identify them, as well as a recommendation that summary judgment be granted in defendant Whitmore's favor.

Defendant O'Brien moves for summary judgment, arguing that Plaintiff was placed in administrative segregation because jail policy required this placement to ensure the safety and security of the institution while staff reviewed what happened in the incident with defendant Whitmore, and he was not placed in administrative segregation to punish or retaliate against Plaintiff.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

  "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

  In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Retaliation**

Plaintiff's retaliation claim is based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore.

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

5

>    Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005))

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Id.* (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)).

O'Brien presents unrefuted evidence that he placed Plaintiff in administrative segregation according to WCDF policy after the incident with defendant Whitmore while the event involving Defendant Whitmore was reviewed and to ensure the safety and security of the inmates, staff and facility. According to O'Brien's evidence, the next day, when the review was completed, Plaintiff was returned to his general population housing. (ECF Nos. 51-1, 51-2.)

The unrefuted evidence demonstrates that Plaintiff was not placed in administrative segregation because he had reported the excessive force incident, but he was placed in administrative segregation for a short period of time so that jail officials could review the incident between Plaintiff and Whitmore. Therefore, summary judgment should be granted in O'Brien's favor with respect to the retaliation claim.

Plaintiff was also allowed to proceed with a due process claim against O'Brien based on the allegation that he placed Plaintiff in administrative segregation without notice or a hearing. Being placed in administrative segregation for one day while the incident involving defendant Whitmore was being reviewed does not implicate a liberty interest so as to give rise to the procedural protections of the Due Process Clause. *See Mitchell v. Dupnik*, 75 F.3d 517, 522-523 (9th Cir. 1996) (citing *Sandin v. Connor*, 515 U.S. 472 (1995). Therefore, summary judgment should be granted in favor of O'Brien as to the due process claim.

In sum, defendant O'Brien's Motion for Summary Judgment should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** O'Brien's Motion for Summary Judgment (ECF No. 51).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 1, 2020

William G. Cobb
United States Magistrate Judge