UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE GALLEGOS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CHUCK ALLEN, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:18-cv-00505-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Plaintiff is an incarcerated person in the custody of the Nevada Department of Corrections who is proceeding *pro se* with this action under 42 U.S.C. § 1983. Before the Court are Magistrate Judge William G. Cobb's Reports and Recommendations (individually the "R&R") (ECF Nos. 69, 70, 71), recommending that the Court grant in part and deny in part Defendant Sheriff Balaam's motion to dismiss (the "MTD") (ECF No. 41), grant Defendant Whitmore's motion for summary judgment ("Whitmore's MSJ") (ECF No. 48), and grant Defendant O'Brien's motion for summary judgment ("O'Brien's MSJ") (ECF No. 51). Plaintiff had until June 15, 2020 to file objections to the R&Rs. To date, no objections have been filed. For that reason and because the Court agrees with Judge Cobb, the Court will adopt the R&Rs in full.

**II.　BACKGROUND**

The Court incorporates the facts outlined in the R&Rs (ECF No. 69 at 1-3; ECF No. 70 at 1-3; ECF No. 71 at 1-3) and does not recount them here.

**III.　LEGAL OF REVIEW OF MAGISTRATE JUDGES' RECOMMENDATIONS**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any

issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has not objected to the R&Rs, the Court nevertheless conducts *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&Rs.

### IV.    R&R RELATING TO THE MTD (ECF NO. 69)

In Count 3, Plaintiff alleges that Sheriff Balaam (the "Sheriff") implemented an isolation schedule that limited Plaintiff's (1) recreation and educational programs and (2) his ability to assist in his criminal defense. (ECF No. 69 at 2-3.) The MTD focuses on only the second allegation. (*Id.* at 4.) Judge Cobb recommends granting the MTD to the extent that Plaintiff attempts to state a claim for ineffective assistance of counsel against the Sheriff. (*Id.* at 5) As Judge Cobb pointed out, Plaintiff cannot pursue such a claim in this section 1983 action. (*Id.* (citing to *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).) But Judge Cobb recommends denying the MTD as to Plaintiff's claim for right of access to the courts because it is unclear from the First Amended Complaint whether Plaintiff was represented by counsel, which would have precluded Plaintiff's claim. (*Id.* at 5-6) *See Bounds v. Smith*, 430 U.S. 817, 828, 831 (1977), *limited in part on other grounds in Lewis v. Casey*, 518 U.S. 343, 354 (1996). Finally, Judge Cobb found that the Sheriff is immune from being sued for punitive damages in his official capacity. (*Id.* at 7 (citing to *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247, 271 (1981)).) The Court agrees with Judge Cobb's findings and will adopt the R&R (ECF No. 69) in full as to the MTD.

### V.    R&R RELATING TO WHITMORE'S MSJ (ECF NO. 70)

Judge Cobb recommends dismissing without prejudice Doe defendants named in Counts 1 and 2. (ECF No. 70 at 5.) As to Plaintiff's excessive force claim against Whitmore (Count 2), Judge Cobb found that Whitmore's restraint of Plaintiff was objectively

reasonable because Plaintiff could have been interpreted as lashing out at prison officials: (1) Plaintiff voiced objections about where he wanted to be housed; (2) Whitmore did not know that Plaintiff's sudden fall into Whitmore was an accident; and (3) Plaintiff had no injuries after the incident nor did he complained of any. (*Id.* at 6-7; *see also* ECF No. 48 at 5.) Judge Cobb's finding was based in part on Plaintiff's failure to respond to Defendants' requests for admissions, matters that are now deemed admitted under Federal Ruel of Civil Procedure Rule 36. (*Id.* at 6.) Accordingly, Judge Cobb recommends that the Court grant the Whitmore's MSJ and deny his motion in limine (ECF No. 45) as moot. The Court agrees with Judge Cobb and will adopt the R&R (ECF No. 70) in full as to Whitmore's MSJ (ECF No. 48), the Doe defendants, and Whitmore's motion in limine (ECF No. 45).

**VI.   R&R RELATING TO O'BRIEN'S MSJ (ECF NO. 71)**

Judge Cobb recommends that the Court grant O'Brien's MSJ as to Plaintiff's claims for retaliation and due process violation for placing Plaintiff in isolation without notice or a hearing. (ECF No. 71 at 2.)  As to the retaliation claim, Judge Cobb found that O'Brien presented unrefuted evidence that he placed Plaintiff in administrative segregation for one day so that jail officials could review the incident between Plaintiff and Whitmore. (*Id.* at 6.) Judge Cobb also found that the foregoing circumstances do not implicate a liberty interest necessary for a due process claim. (Id. (citing to *Mitchell v. Dupnik*, 75 F.3d 517, 522-23) (9th Cir. 1996).) The Court agrees with Judge Cobb and therefore adopts the R&R (ECF No. 71) in full.

**VII.   CONCLUSION**

It is therefore ordered that the Report and Recommendations of Magistrate Judge Cobb (ECF No. 69, 70, 71) are accepted and adopted in full.

It is further ordered that Defendant Balaam's Motion to Dismiss (ECF No. 41) is granted in part and denied in part as discussed herein.

It is further ordered that Doe Defendants named in Counts 1 and 2 are dismissed without prejudice.

It is further ordered that Defendant Whitmore's Motion for Summary Judgment (ECF No. 48) is granted.

It is further ordered that Defendant Whitmore's Motion in Limine (ECF No. 45) is denied as moot.

It is further ordered that Defendant O'Brien's Motion for Summary Judgment (ECF No. 51) is granted.

DATED THIS 22nd day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE