# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE GALLEGOS,

    Plaintiff

v.

CHUCK ALLEN, et. al.,

    Defendants

Case No.: 3:18-cv-00505-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 72

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is the motion for summary judgment filed by Sheriff Allen and Sheriff Balaam. (ECF No. 72, 72-1 to 72-3.) Despite being given an extension of time (ECF No. 77), Plaintiff did not file a response.

After a thorough review, it is recommended that the motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 34.) The events giving rise to this action, however,  took place while Plaintiff was a pretrial detainee housed at the Washoe County Detention Facility (WCDF). (*Id.*)

The court screened Plaintiff's First Amended Complaint (FAC), and allowed him to proceed in Count 1 with a denial of adequate medical care claim for a pretrial detainee under the Fourteenth Amendment against Jane Doe #1 based on the allegation that she changed or

discontinued his medications despite his requests, which resulted in his having seizures and suffering injuries. In addition, the court found he stated a denial of adequate medical care claim in Count 1 against Doe #2 based on allegations that she failed to provide dental treatment following injuries to his teeth from his seizures despite his requests.

In Count 2, Plaintiff was allowed to proceed with an excessive force claim against Whitmore and a Doe deputy based on allegations that Whitmore was "manhandling" him while escorting him, and when Plaintiff complained, Whitmore and the other deputy antagonized and abused him by pushing him, which caused him to run into Whitmore. Whitmore then slammed him face first into the wall and took him to the ground with force, causing injuries. The Doe deputy made no attempt to stop Whitmore or help Plaintiff.

In Count 3, Plaintiff was allowed to proceed with a Fourteenth Amendment due process claim against O'Brien based on the allegation that he placed Plaintiff in isolation without notice or a hearing. He was also allowed to proceed with a retaliation claim against O'Brien based on the allegation that he placed Plaintiff in isolation because Plaintiff reported the alleged excessive force incident with Whitmore. In addition, Plaintiff was allowed to proceed with a claim against then-Sheriff Chuck Allen based on the allegation that Sheriff Allen approved and implemented the schedule Plaintiff was on in isolation which limited his recreation and educational programs, and limited his ability to assist in his criminal defense, which amounted to punishment under the Fourteenth Amendment. The claim was permitted to proceed against Sheriff Allen in his individual capacity, and against his successor, Sheriff Balaam, in the official capacity.

The Doe defendants in Counts 1 and 2 were dismissed without prejudice as Plaintiff failed to timely identify them. (*See* ECF Nos. 70, 73.) Summary judgment was granted in favor of defendants Whitmore in Count 2 and O'Brien in Count 3. (ECF Nos. 70, 71, 73) As is relevant

to this motion, summary judgment was granted in favor of O'Brien based on unrefuted evidence that Plaintiff was placed in administrative segregation because jail policy required this placement to ensure the safety and security of the institution while staff reviewed what happened during the alleged incident involving defendant Whitmore. Plaintiff was not placed in administrative segregation to punish or retaliate against Plaintiff. The court found that this did not implicate a liberty interest so as to give rise to the procedural protections of the Due Process Clause. (*See* ECF Nos. 71, 73.)

Sheriff Balaam previously moved to dismiss Plaintiff's claim that asserted that WCDF's policies interfered with him assisting his counsel in his criminal case, asserting that such a claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). He also asserted that the requested relief of punitive damages should be dismissed because an official capacity claim was the same thing as suing Washoe County and a municipality is immune from punitive damages. (ECF No. 41.) That motion did not discuss the claim regarding the policy for Plaintiff's isolation schedule; therefore, that claim continued. The motion was denied insofar as Plaintiff alleged the policies impacted his ability to assist his counsel because it could not be determined on the face of the complaint whether or not Plaintiff was represented by counsel, and therefore, had meaningful access to the courts. (ECF Nos. 69, 73.) Plaintiff's claim for punitive damages against Sheriff Balaam in his official capacity was dismissed. (*Id.*)

The instant motion for summary judgment was filed with respect to the claims proceeding against Sheriff Allen and Sheriff Balaam in Count 3. Defendants argue that Plaintiff's hours-long stay in administrative segregation did not violate his due process rights, and he was represented by counsel and so was not denied his right of access to the courts. (ECF No. 72.)

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

1  determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

2  *Anderson*, 477 U.S. at 249.

3  In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

4  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

5  come forward with evidence which would entitle it to a directed verdict if the evidence went

6  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

7  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

8  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

9  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

10  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

11  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

12  party cannot establish an element essential to that party's case on which that party will have the

13  burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

14  If the moving party satisfies its initial burden, the burden shifts to the opposing party to

15  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

16  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

17  dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

18  be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

19  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

20  (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment

21  by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

22  U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

23

1  pleadings and set forth specific facts by producing competent evidence that shows a genuine

2  dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

3  ## III. DISCUSSION

4      Defendants have presented unrefuted evidence that Plaintiff was placed in administrative

5  segregation pursuant to WCDF policy while the incident involving defendant Whitmore was

6  being reviewed. This policy exists to protect the safety and security of inmates, staff and the

7  facility. Plaintiff was interviewed the very next day and returned to general population.

8  (ECF No. 72-1 at 3 ¶ 3, 5.) Plaintiff spent approximately 14 hours in administrative segregation

9  while staff reviewed the incident between Plaintiff and Whitmore. (*Id.* at 4 ¶ 4.)

10      As the court stated in the report and recommendation regarding defendant O'Brien's

11  motion for summary judgment: Being placed in administrative segregation for one day while the

12  incident involving defendant Whitmore was being reviewed does not implicate a liberty interest

13  so as to give rise to the procedural protections of the Due Process Clause. *See Mitchell v. Dupnik*,

14  75 F.3d 517, 522-23 (9th Cir. 1996) (citing *Sandin v. Connor*, 515 U.S. 472 (1995)). As such, a

15  policy requiring brief placement in administrative segregation for the safety of the institution

16  while an incident is being reviewed also does not run afoul of the Due Process Clause.

17      In addition, Defendants present evidence that Plaintiff was represented by an appointed

18  public defender when he was placed in administrative segregation. (ECF Nos. 72-2.) Therefore,

19  he had meaningful access to the courts. *See U.S. v. Wilson,* 690 F.2d 1267, 1271 (9th Cir. 1983)

20  ("Availability of legal assistance at government expense, if required, is a constitutionally

21  permissible means of access to the courts.").

22      Therefore, summary judgment should be granted in favor of Sheriff Allen and Sheriff

23  Balaam.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** the motion for summary judgment of Sheriff Allen and Sheriff Balaam (ECF No. 72) and enter judgment accordingly.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 18, 2020

William G. Cobb
United States Magistrate Judge